UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JERRY A. BRENDEN,<br><br>        Plaintiff,<br><br>   v.<br><br>SELLEN CONSTRUCTION COMPANY, INC.,<br><br>        Defendant. | Case No. C05-1681-RSL-JPD<br><br>ORDER DENYING MOTION<br>TO APPOINT COUNSEL |

Plaintiff is proceeding pro se and in forma pauperis in this civil action against Sellen Construction Company, Inc. Dkt. No. 12. This motion comes before the Court on plaintiff's first and second Motion for Appointment of Counsel. Dkt. Nos. 10, 19. Although plaintiff's motions are less than clear, he requests appointment of counsel to represent him because "all the bugs are out and the trees are cut to see through the forest." Having carefully reviewed plaintiff's motion and the record, the Court ORDERS as follows:

    (1)    Plaintiff's Motions for Appointment of Counsel, Dkt. Nos. 10, 19, are DENIED.

Plaintiffs do not have a right to appointment of counsel in civil cases. However, under 28 U.S.C. § 1915(e)(1), the Court has the discretion to appoint counsel to represent a party

ORDER DENYING MOTION
TO APPOINT COUNSEL - PAGE - 1

proceeding in forma pauperis. 28 U.S.C. § 1915(e)(1) (2005); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). The Court will appoint counsel only on a showing of "exceptional circumstances." *Wilborn*, 789 F.2d at 1331; *U.S. v. $292,888.04 in U.S. Currency*, 54 F.3d 565, 569 (9th Cir. 1995). "A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Wilborn*, 789 F.2d at 1331 (internal quotations and citations omitted). A plaintiff must show that his inability to articulate his claims resulted from the complexity of the legal issues involved. *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997). Neither of these factors is dispositive; rather both should be considered together. *Wilborn*, 789 F.2d at 1331.

Plaintiff fails to demonstrate that there are exceptional circumstances, which warrant the appointment of counsel at this time. Plaintiff has not made a showing that this action is likely to succeed on the merits. *Wilborn*, 789 F.2d at 1331. Plaintiff's claims are nearly unintelligible and none of the other papers, including the Motion for Appointment of Counsel, sheds any light on his claims. Because of the lack of clarity in plaintiff's papers, the Court is unable to conclude that he is likely to succeed on the merits. Because plaintiff has not demonstrated a likelihood of success on the merits, the Court declines to order the appointment of counsel at this time.

(2) The Clerk is directed to send a copy of this Order to plaintiff, counsel for the defendant, and to the Honorable Robert S. Lasnik, Chief Judge.

DATED this 24th day of January, 2006.

*/s/ James P. Donohue*
JAMES P. DONOHUE
United States Magistrate Judge

ORDER DENYING MOTION
TO APPOINT COUNSEL - PAGE - 2