UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
JERRY BRENDEN,                     )
                                   )   Case No. C05-1681L
                    Plaintiff,     )
       v.                          )
                                   )   ORDER DENYING PLAINTIFF'S
SELLEN CONSTRUCTION COMPANY,       )   MOTION FOR JUDGMENT AND
                                   )   OTHER RELIEF
                    Defendant.     )
_____)

On April 3, 2006, the Court directed that, "[i]f plaintiff intends to voluntarily dismiss his claims against Sellen, he shall file and serve a Praecipe containing the following language:

> The Clerk of Court is directed to renote plaintiff's "Motion - 1. Orders and Judgments   2. Third Party Plaintiff's" (Dkt. # 39) on the Court's calendar as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2).  The motion shall be noted for the fourth Friday after filing.

On April 10, 2006, plaintiff filed an untitled document containing a copy of the above language. Dkt. # 41.  In the absence of any clear indication of plaintiff's intent, the Court directed the Clerk of Court to renote plaintiff's "Motion - 1. Orders and Judgments   2. Third Party Plaintiff's" (Dkt. # 39) on the Court's calendar as a motion for voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(2). In response, plaintiff filed a series of documents containing the words "Correction and/or Misunderstading [sic]" in the title.  It appears that plaintiff does not want to

dismiss his complaint and instead seeks various forms of relief from the Court.

Having reviewed the most recent iteration of plaintiff's response (Dkt. # 47[1]) and the remainder of the record, the Court finds as follows:

(1) On December 30, 2005, defendant filed a responsive pleading in this matter. Defendant is not, therefore, in default and plaintiff's request for entry of default is DENIED.

(2) Although plaintiff requests judgment pursuant to Fed. R. Civ. P. 12, he does not identify the legal or factual basis for his motion. Plaintiff asserts that he was deprived of $39.12 in wages and seeks recovery of that amount plus "time loss paid since 5-4-00" and $9,000,000. The pleadings in this matter do not establish plaintiff's right to judgment in his favor: his motion under Rule 12 is therefore DENIED.

(3) At various places in his memorandum, plaintiff requests that the Court award him "emergency funds" of $300 so that he can obtain medical treatment. Absent a showing that defendant is liable to plaintiff, a monetary award would be premature and inappropriate. Plaintiff's request for emergency funds is DENIED.

(4) Plaintiff has previously requested the appointment of an attorney in this case. See Dkt. # 10 an 19. Those requests were denied and plaintiff has not provided any additional evidence or argument that would justify reconsideration of the Magistrate Judge's ruling. Dkt. # 29. Plaintiff's request for appointment of counsel is DENIED.

(5) Plaintiff requests "Attorney James McBride as a Third Party Plaintiff since delayed payment of 03/14/01 was delayed to 07/26/02." Although the standard for amending a pleading is rather lenient (see Fed. R. Civ. P. 15; Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)), there is no indication in the record that Mr. McBride has any claims to assert in this litigation or

---

[1] This document is the second amendment to plaintiff's response and is entitled "Ademdems [sic] & Ammendments [sic] - May 2, 2006 & May 3, 2003 Correction and/or Misunderstading [sic]   Motion 1. Order and Judgment per Rule 12 for Court Calendar, May 5, 2006. To: A. Rule 56; B. Rule 60; C. Rule 59, in forma pauperis. 2. Third Party Plaintiff's A. Evidence; B. Contempt; C. Damages and Relief."

1 that he should be considered plaintiff's partner in litigation.  To the extent plaintiff seeks to
2 amend his complaint to add Mr. McBride as a plaintiff, the request is DENIED.
3     (6)  Finally, plaintiff seeks "time of 'six months' to bring forward any and all possible
4 'Third Party Plaintiffs.'"  No case management schedule or deadline for amending the pleadings
5 has been established in the case.

7     For all of the foregoing reasons, plaintiff's various requests for relief as stated in
8 Dkt. # 47 are DENIED.  The Clerk of Court is directed to request a Joint Status Report.

11     DATED this 25th day of May, 2006.

13 *[signature]*
14 Robert S. Lasnik
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR JUDGMENT AND OTHER RELIEF    -3-