UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
JERRY BRENDEN,                          )
                                        )   Case No. C05-1681L
          Plaintiff,                    )
     v.                                 )
                                        )   ORDER DENYING PLAINTIFF'S
SELLEN CONSTRUCTION COMPANY,            )   THIRD MOTION FOR CHANGE OF
                                        )   VENUE
          Defendant.                    )
_____)

This matter comes before the Court on plaintiff's "Change of Venue #1 of 2 Docket #49 For New Joint Status Report Dates, Out of Jurisdiction." Dkt. # 51 (page 4). Plaintiff apparently seeks a transfer of the above-captioned matter to the United States District Court for the District of Oregon, arguing that there are witnesses and documents located in Oregon. Plaintiff also asserts that the undersigned has deprived him of evidence and, pursuant to the title of his motion, seeks an extension of time in which to file a Joint Status Report. Attached to the motion are various other documents, including two copies of what appears to be a discovery motion (Dkt. # 51, pages 2 and 3), two motions addressed to the United States District Court for the District of Oregon (Dkt. # 51, page 1 and attachment 1), and two copies of a motion addressed to the Ninth Circuit Court of Appeals (Dkt. # 51, pages 5 and 6).

Having reviewed plaintiff's submission and the remainder of the record, the Court finds as follows:

ORDER DENYING PLAINTIFF'S THIRD
MOTION FOR CHANGE OF VENUE

1  (1) In the absence of any legal analysis supporting plaintiff's request for a change of
2  venue, the Court assumes plaintiff is moving under 28 U.S.C. § 1404(a), which provides: "For
3  the convenience of parties and witnesses, in the interest of justice, a district court may transfer
4  any civil action to any other district or division where it might have been brought." Plaintiff has
5  the burden of showing that the overall convenience of the parties and witnesses, in the interests
6  of justice, weighs in favor of transferring the above-captioned case to the United States District
7  Court for the District of Oregon. <u>Decker Coal Co. v. Commonwealth Edison Co.</u>, 805 F.2d 834,
8  843 (9th Cir. 1986).

9  Plaintiff makes no attempt to show that defendant is subject to personal
10 jurisdiction in Oregon or that this action could otherwise have been initiated there. Nor has
11 plaintiff shown that the overall convenience of the parties and/or the witnesses justifies a
12 transfer. <u>See</u> <u>Piper Aircraft Co. v. Reyno</u>, 454 U.S. 235, 241 and 248-49 (1981). Plaintiff's
13 motion for transfer is DENIED.

14  (2) Contrary to plaintiff's assertion, the undersigned has not denied him evidence. The
15 order to which he refers (Dkt. # 48), denied him dispositive relief but did not limit or otherwise
16 address discovery in the above-captioned matter.

17  (3) Plaintiff has filed a separate motion for an extension of the case management
18 deadlines. <u>See</u> Dkt. # 54. That motion will be ripe for review on July 28, 2006. To the extent
19 this motion demands the same relief, the Court denies plaintiff's unsupported request for new
20 joint status report dates.

21  (4) Plaintiff requests that his x-rays of 11/12/99 and all records from Overlake Hospital
22 be released to his daughter. The Court does not possess the records plaintiff seeks and therefore
23 cannot grant his request. To the extent plaintiff is seeking to compel disclosures from
24 defendants or a third party, there is no indication that plaintiff ever made a discovery request
25 from the proper entity. Requests for production of medical records from a medical facility can
26 often be made informally by the patient or, if necessary, may be formally served through the

1 subpoena process described in Fed. R. Civ. P. 45.

2     (5) The undersigned has not considered the four requests directed to other jurisdictions.

    For all of the foregoing reasons, plaintiff's third motion for change of venue is DENIED.

    DATED this 26th day of July, 2006.

                        /s/ Robert S. Lasnik
                        Robert S. Lasnik
                        United States District Judge