UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
)
JERRY BRENDEN, )
 ) Case No. C05-1681L
                    Plaintiff, )
      v. )
 ) ORDER GRANTING DEFENDANT'S
SELLEN CONSTRUCTION COMPANY, ) MOTION FOR SUMMARY
 ) JUDGMENT
                    Defendant. )
_____)

        This matter comes before the Court on defendants' "Motion for Summary Judgment and/or Motion to Dismiss for Failure to State a Claim, and Lack of Jurisdiction." Dkt. # 50.  Defendant argues that the Court does not have subject matter jurisdiction over this matter because plaintiff has raised questions of state law regarding his entitlement to workers' compensation benefits and lost wages from his former employer.  In the alternative, defendant argues that plaintiff's claims fail as a matter of law because the administrative remedies provided by the state are exclusive and plaintiff has failed to raise a genuine issue of material fact in support of his claims.  Although plaintiff has not filed a timely opposition to defendant's request for judgment, the Court has reviewed all of plaintiff's submissions since the filing of this motion and has considered the allegations and arguments contained in his "Motion on Courts Calendar for July 28, 2006," (Dkt. # 56) insofar as they are relevant to the issues raised by defendant.

        This Court, unlike the Superior Courts of the State of Washington, is a court of

1  limited jurisdiction, meaning that the undersigned can hear only certain types of cases.  The two
2  primary categories of cases that are subject to federal jurisdiction involve (1) disputes arising
3  under the United States Constitution and/or federal law and (2) disputes arising between citizens
4  of different states where the amount in controversy exceeds $75,000.  See 28 U.S.C. §§ 1331
5  and 1332.  Plaintiff has the burden of alleging facts which give rise to federal jurisdiction.  See,
6  e.g., Warth v. Seldin, 422 U.S. 490, 518 (1975) ("It is the responsibility of the complainant
7  clearly to allege facts demonstrating that he is a proper party to invoke judicial resolution of the
8  dispute and the exercise of the court's remedial powers.").

9  Plaintiff has not asserted a claim under the federal constitution or laws.  The facts
10 alleged in the complaint do not give rise to any federal cause of action:  rather, his claims arise
11 under state law.[1]  Defendant does not, however, address the possibility of diversity jurisdiction
12 in this case.  At the time this action was filed, it appears that the parties were residents of
13 different states.  It also appears, based on plaintiff's post-complaint filings, that he is seeking
14 damages in an amount well in excess of $75,000.  See, e.g., Dkt. # 56 (claiming lost wages of
15 approximately $500,000 plus additional damages of over $16 million).  Plaintiff has therefore
16 asserted a claim over which this Court has jurisdiction.

17 Nevertheless, plaintiff has not suggested or provided evidence in support of any
18 viable theory that would allow him to proceed with a tort claim against his former employer.
19 The Industrial Insurance Act and the administrative procedures set forth by the Department of
20 Labor and Industries provide an exclusive remedy for injured employees against their employers.
21 See Meyer ex. rel. Meyer v. Burger King Corp., 101 Wn. App. 270, 273-74 (2000) ("The
22 exclusivity of the Act is of the broadest, most encompassing nature.  By its express terms, the

---

[1] Plaintiff's July 26, 2006, submission contains an ambiguous reference to the Occupational Safety and Health Administration Act.  Dkt. # 56 at 2 (OSHA - SAFETY ISSUE, 111 3rd. AVE. BELLEVUE - Should be: Jerry A. Brenden fell through unsafe Hand Rail.").  The complaint in this action seeks a recalculation of plaintiff's post-injury benefits, asserting fraud and injustice under RCW 48.30.180.  Plaintiff has not alleged any facts from which one could reasonably infer an OSHA claim against defendant for failure to maintain a safe workplace.

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT           -2-

1 Act bars all independent causes of action against the employer for damages arising out of
2 unintentional injury to an employee.") (citations and quotation marks omitted).  Plaintiff has not
3 identified an exception to this well-established rule of state law that would apply in this case.

5    For all of the foregoing reasons, the Court finds that plaintiff's claims fail as a
6 matter of law.  Defendant's motion for summary judgment is therefore GRANTED.  The Clerk
7 of Court is directed to enter judgment in favor of defendant and against plaintiff.

9    DATED this 31st day of July, 2006.

*/s/ Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING DEFENDANTS' MOTION
FOR SUMMARY JUDGMENT    -3-